# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **ROBBIE J. UPTON,** | ) | |
| **PLAINTIFF,** | ) | |
| VS. | ) | 3:08-cv-320-JHH |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,** | ) ) | |
| **DEFENDANT.** | ) | |

## MEMORANDUM OF DECISION

Plaintiff Robbie J. Upton brings this action pursuant to Sections 205(g) and 1631(c) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act.[1]  For the reasons set forth below, the decision denying benefits is due to be affirmed.

---

[1] In general, the legal standards are the same regardless of whether a claimant seeks DIB or supplemental security income (SSI).  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.  See Borden v. Astrue, 494 F. Supp.2d 1278, 1280 n.1 (N.D. Ala. 2007).

## I. PROCEDURAL HISTORY

Plaintiff filed her application for DIB on October 27, 2005, and after the administrative hearing, amended her disability onset date to October 31, 2006. (Tr. 12.) Her application was denied initially and also upon reconsideration. (Tr. 21-27.) Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). The hearing was held on March 20, 2007 in Florence, Alabama. (Tr. 200.) In his June 25, 2007 decision, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act and thus ineligible for benefits. (Tr. 18-19.) After the Appeals Council denied plaintiff's request for review of the decision of the ALJ, that decision became the final decision of the Commissioner, and therefore a proper subject of this court's review.

## II. STANDARD OF REVIEW

The only issues before this court are whether the record reveals substantial evidence to sustain the decision of the ALJ, see 42 U.S.C. § 405(g); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005), and whether the correct legal standards were applied. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Sections 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by

"substantial evidence." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. See id. (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence. Dyer, 395 F.3d at 1210 (citing Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). "It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Martin, 894 F.2d at 1529 (quoting Bloodsworth, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). While the court acknowledges that judicial review of the findings of the ALJ is limited in scope, the court also notes that review "does not yield automatic affirmance.." Lamb, 847 F.2d at 701.

### III. ADMINISTRATIVE RECORD

At the time of the hearing, plaintiff was forty-eight years old and had a tenth

grade education. (Tr. 204-05.)  Plaintiff had previously worked as a packer at a jeans manufacturing plant, a cashier and a fast food worker. (Tr. 218-19.)  Plaintiff alleges she has been unable to work since October 31, 2006 because of carpel tunnel syndrome.  (Tr. 58, 72.)

At the hearing, plaintiff testified that she had not worked since September 30, 3005, when she stopped working as a packer at the Wrangler Distribution Center due to numbness and pain in her hands and arms.  (Tr. 206.)  Although she really quit working, she asked her supervisor to lay her off due to her medical problems, and received unemployment from October 2005 until late 2006.  (Id.)

Plaintiff testified that the most disabling impairment is numbness in her hands and arms.  (Tr. 207.)  The pain and numbness is in both hands, but it is worse in her left hand.  (Tr. 212.)   She wears braces on her wrists and hands, which do not always help.  (213.)  She stated that she does not have grip strength in her hands, which causes her to drop things.  (Tr. 207.)  Plaintiff also has right shoulder pain due to a separation of her shoulder.  (Tr. 210.)  She stated that it flares up once or twice a year, resulting in the need for a steriod shot.  (Id.)  Plaintiff testified that her pain also causes sleeping problems, which makes her feel sluggish and drained the next day.  (Tr. 211-12.)

Plaintiff testified that it takes her longer to accomplish certain tasks around

the house, such as peeling potatoes, although she is still able to mop and sweep if she rests for about 30 minutes after 10 to 20 minutes of such cleaning. (Tr. 209-10.) She can hold books and newspapers to read, but usually puts books in her lap or on a table. (Tr. 215.) She is able to drive and drove one hour to the hearing. (Tr. 208.) Plaintiff also has custody of her three year old granddaughter, whom she takes care of during the day. (Tr. 209, 215.) She prepares meals for her granddaughter and, although she picks her up "very little," she is able to pick her up to put her in the bathtub. (Tr. 214-15.) She can button both her granddaughter and her own clothes, although she sometimes has to "wait a little bit." (Tr. 215.)

Plaintiff also testified that she has problems with depression and anxiety. (Tr. 215-16.) She stated that she feels uncomfortable around crowds of people. (Tr. 216.) She received medication for her nerves from her treating physician. (Id.)

## IV.  THE DECISION OF THE ALJ

Determination of disability under the Social Security Act requires a five step analysis. See 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is working. Id. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Id. Third, the Commissioner determines whether claimant's

impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations.  Id.  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Id.  The claimant's residual functional capacity is what the claimant can do despite his impairment.  Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work.  Id.  In making this final determination, the Commissioner will use the Medical-Vocational guidelines in Appendix 2 of part 404 of the regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix.  If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will not review the claim any further.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that "the claimant must establish a prima facie case by demonstrating that he can no longer perform his former employment."  Freeman v. Schweiker, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted).  Once plaintiff shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment."  Id.

6

The ALJ found that plaintiff had not engaged in substantial gainful activity since October 31, 2006.  (Tr. 14.)  He next found that plaintiff had the following severe impairments, which when considered both singularly and in combination result in more than minimal limitations on her ability to engage in work related activities: (1) bilateral carpel tunnel syndrome; (2) bursitis of the right shoulder; (3) a major depressive disorder; and (4) general anxiety disorder.  (Id.)  The ALJ then determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.  (Id.)  Next, the ALJ found that, despite her impairments, plaintiff retained the residual functional capacity to perform a limited range of medium exertional work.  (Tr. 15.)  Based on the testimony of the vocational expert and her RFC, the ALJ then determined that plaintiff could return to her past relevant work as a packer, cashier and fast food worker. (Tr. 18.)  Therefore, the ALJ found that the plaintiff was not under a disability, as defined by the Act, at any time through the decision date of June 25, 2007.  (Tr. 18-19.)

## V.  PLAINTIFF'S ARGUMENT FOR REMAND OR REVERSAL

The plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration.

Plaintiff first argues that the ALJ erred when he rejected the opinion of Upton's treating physician. Second, plaintiff contends that the ALJ erred when he discredited Upton's subjective complaints of pain. The court discusses each argument in turn.

*A. The ALJ Properly Rejected the
Ultimate Opinion of Dr. Kerr that Plaintiff was Disabled.*

Plaintiff first contends that the ALJ improperly discounted the opinion of her treating physician, Dr. John Kerr, when reaching his disability conclusion. (See doc. #10 at 4-6.) To the contrary, the court finds that the ALJ applied proper legal standards when weighing the evidence submitted by Dr. Kerr, and his conclusions are supported by substantial evidence.

The weight properly afforded to a medical opinion regarding the nature and severity of a claimant's impairments depends upon a number of factors, including the source's examining and treating relationship with the claimant, the evidence presented to support the opinion, the consistency of the opinion with the record as a whole, and the speciality of the medical source. See 20 C.F.R. § 416.927(d). The opinion of a physician, even a treating physician, may properly be discounted for good cause. Crawford v. Commissioner, 363 F.3d 1155, 1159-60 (11th Cir. 2004). Indeed, although a treating physician's opinion is typically given

"substantial or considerable weight," that opinion may deserve less weight under the following circumstances: "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2003) (affirming the ALJ's decision to give little weight to a treating physician's opinion due to several specific contradictions between the physician's opinion and other evidence of record). Nonetheless, if the ALJ has failed to articulate "good cause" for assigning less weight to a treating physicians's opinion, reversible error has occurred. Lewis, 125 F.3d at 1440.

The ALJ's decision indicates that he gave substantial consideration to all of Dr. Kerr's treatment notes and opinions about plaintiff's condition, with one exception. Although Dr. Kerr opined on September 30, 2005 and October 24, 2005 that plaintiff was "disabled," the ALJ rejected this ultimate conclusion. (See tr. 17-18.)   The ALJ's reasons for discounting that conclusory opinion are well-articulated and sound: Dr. Kerr's conclusion of total disability is based entirely on plaintiff's subjective complaints of pain; the medical evaluation of consultative physician Dr. Frank Gillis, consistent with much of Dr. Kerr's medical findings, revealed no functional limitations; and plaintiff's testimony

9

regarding her daily activities belies a finding of disability. (Tr. 17-18, 112-20, 143, 149, 154, 209-10, 214-15.) In any event, it was entirely appropriate for the ALJ to give less than controlling weight to Dr. Kerr's opinion on the ultimate issue of disability. It is well-settled that although an ALJ can consider opinions from acceptable medical sources on such issues as a claimant's RFC and whether a claimant is disabled, "the final responsibility for deciding these issues is reserved for the Commissioner." 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2)(2006); see SSR 96-5p, 61 Fed. Reg. 34471 (1996). Thus, the court finds that the ALJ's treatment of Dr. Kerr's medical opinions was appropriate, guided by proper legal standards, and supported by substantial evidence.

### B. The ALJ Properly Discredited Upton's Subjective Complaints of Pain.

Plaintiff contends that when determining her ability to work, the ALJ failed to apply the appropriate standard when evaluating plaintiff's allegations of pain and failed to appropriately evaluate her alleged pain and subjective symptoms in light of the "pain standard." (See doc. #10 at 8-9; doc. # 12 at 2-4.). It is axiomatic that the Act and its related regulations provide that a claimant's statements about pain or other symptoms will not alone establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.929. Rather, medical signs and laboratory

findings must be present to show a medical impairment that could reasonably be expected to produce the symptoms alleged. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).

When, as here, a claimant alleges disability through subjective complaints of pain or other symptoms, the Eleventh Circuit's "pain standard" for evaluating these symptoms requires: (1) evidence of an underlying medical condition, and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain. See 20 C.F.R. § 404.1529; Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995); Holt, 921 F.2d at 1223; Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986). If the ALJ fails to credit a claimant's pain testimony, he must articulate reasons for that decision. 42 U.S.C. § 423(d)(5)(A).

After the application of the three-pronged pain standard, Eleventh Circuit jurisprudence requires a secondary inquiry, which evaluates the severity, intensity, and persistence of the pain and the symptoms a claimant actually possesses. Indeed, there is a difference between meeting the judicially created pain standard and having disabling pain; meeting the pain standard is merely a threshold test to determine whether a claimant's subjective testimony should even be considered at

all to determine the severity of that pain. See 20 C.F.R. § 416.929(b) (2006); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) ("The Secretary must consider a claimant's subjective testimony of pain if [the pain standard is met]."). After considering a claimant's complaints of pain, an ALJ may then "reject them as not creditable." Marbury, 957 F.2d at 839. Although a reversal is warranted if the ALJ's decision contains no indication that the three-part pain standard was properly applied, Holt, 921 F.2d at 1223, the Eleventh Circuit has held that an ALJ's reference to 20 C.F.R. § 404.1529, along with a discussion of the relevant evidence, demonstrates the ALJ properly applied the pain standard, Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

In this case, the court finds that the ALJ's analysis comports with the requirements of the Eleventh Circuit's "pain standard" for evaluating Plaintiff's subjective complaints. The ALJ cited 20 C.F.R. § 404.1529 and considered Plaintiff's symptoms and subjective complaints in light of the standards outlined therein. (Tr. 15.) The ALJ determined that Plaintiff's statements concerning the intensity, persistence and limiting effects of her pain are not entirely credible because they are inconsistent with: (1) the objective findings in the medical evidence of record; (2) plaintiff's own testimony regarding her daily life activities' and (3) her list of daily medications. (Tr. 17-18.) Those three components of the

ALJ's analysis are discussed in more detail below.

### 1. Objective Findings in the Medical Evidence

The ALJ's opinion demonstrates a thorough inventory of the medical evidence of record, which led to his appropriate determination that plaintiff's pain complaints are not consistent with the objective evidence.  The objective medical evidence here included the sporadic treatment of her bilateral carpal tunnel syndrome by her treating physician, Dr. Kerr, whose ultimate opinion as to disability was properly discredited.  See supra.  It also included the consultative examination given by Dr. Frank Gillis, pursuant to plaintiff's application for disability.  Although plaintiff reported to Dr. Gillis that she had bilateral carpel tunnel syndrome and that she could not grip with either hand, the examination results revealed that plaintiff had normal sensation in both upper extremities, which was inconsistent with the plaintiff's claims of numbness.  (Tr. 112.)  In addition, Dr. Gillis noted grip strength and strength of both arms as being 4/5, with a full range of motion in both shoulders, elbows, and wrists.  (Id.)  Plaintiff was also able to flex and extend all fingers without difficulty; her pinch strength was intact and she could oppose her thumb to all fingers.  (Id.)  Although Dr. Gillis agreed that plaintiff has bilateral carpel tunnel syndrome, his findings are clearly inconsistent with plaintiff's allegations of numbness in both her hands and

arms and her difficulty grasping objects.

2.  Evidence Regarding Daily Life Activities

Further support for the ALJ's decision to discount plaintiff's subjective complaints is found in Plaintiff's own account of her daily life activities.  As laid out in more detail in Section III, supra, plaintiff testified that she is able to cook, mop, sweep, dress herself and her granddaughter, including fastening buttons, put her granddaughter in the bathtub, hold books and newspapers and drive for extended periods of time.  (Tr. 208, 208, 214-15.)  While "participation in everyday activities of short duration" does not mean that a claimant is not disabled, Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997), such activities are relevant to the matter of plaintiff's credibility.  Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986); Dyer v. Barnhart, 395 F.3d 1206 (11th Cir. 2005) (finding that ALJ properly considered claimant's daily activities, frequency of symptoms, medications, and found subjective complaints were inconsistent with plaintiff's medical record).  Indeed, the Eleventh Circuit has affirmed adverse credibility findings based on evidence of ability to perform daily activities such as those present in this case.  See Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (affirming adverse credibility finding in light of claimant's ability to drive, provide childcare, bathe, care for herself, and perform housework); Graham v.

Apfel, 129 F.3d 1420, 1421-22 (11th Cir. 1997) (reasoning that activities such as child care, attending school, and performing household chores supported ALJ's conclusion that Plaintiff could perform light work).

### 3.  Evidence Regarding Medication

Along with the objective medical evidence and plaintiff's testimony regarding her daily activities, the ALJ considered plaintiff's testimony that she was taking only Tylenol to control her pain.  (Tr. 18.)  This low-level pain reliever is certainly inconsistent with a disabling level of pain.

Accordingly, the court finds that plaintiff's testimony regarding her daily life activities and daily medications, especially when considered in combination with the objective medical evidence of record, supports the ALJ's finding that plaintiff's subjective complaints are not entirely credible.  See Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989) (finding that where, as here, the ALJ specifically articulates at least three reasons for rejecting the claimant's subjective complaints of pain, the ALJ properly discredited plaintiff's testimony).

### VI.  CONCLUSION

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination.  The Commissioner's final decision is due

to be affirmed, and a separate order in accordance with this memorandum opinion will be entered.

    **DONE** this the   6th   day of February, 2009.

                                        */s/ James H. Hancock*
                                    SENIOR UNITED STATES DISTRICT JUDGE